. HALE & al. v. CUSHING.

It is not necessary for the purchaser of lands sold for non-payment of the direct tax of the year 1813, in an action between him and the original owner of the land, to shew that the collector had given *bond* for the faithful performance of his duty, this being intended only for the security of the United States. In such action the administration of the oath of office to the assistant assessor may be proved by parol;—the statute requiring a certificate of the oath to be filed in the collector's office being merely directory. See *Stat. U. S. July* 22, 1813, *sec.* 3.

ENTRY SUR DISSEISIN. The tenant claimed title under a sale, for non-payment of taxes, by the collector of the direct tax of the United States for the year 1813.

There was no *certificate* produced to prove that *Levi Quinby*, the assistant assessor, had been *sworn* as such; and the collector testified that he could not find that one had ever been returned to his office. The presiding Judge thereupon admitted *Quinby* to testify that he was sworn, either by the collector or a magistrate.

The assessment was offered in evidence, but there was no legal proof that the collector had ever given a bond, approved at the treasury department as the law requires, to qualify him to receive the assessment and proceed to its collection. To supply this defect of an authenticated copy of the bond, the defendant offered to prove by the oath of the collector that a bond was regularly given and approved. But the Judge refused to admit him, and rejected the assessment; and thereupon a verdict was returned for the demandants, which was taken subject to the opinion of the whole Court upon the questions whether *Quinby* and the collector were properly admitted to testify to the facts proved by them; and whether the assessment was rightly rejected.

*Emery*, for the defendant.

The statute requiring the collector to give bond is merely *directory*. It imposes no penalty, and its object was to protect the *United States* from losses by defalcation of the collector, and to secure the regular settlement of accounts, and transmis-

Hale & al. *v.* Cushing.

sion of monies to the treasury after they were collected ;—not to afford any security to the persons taxed. Of course the giving of bond was not one of those acts *en pais* of the collector or assessors, which it was incumbent on private persons to prove. It does not belong to the regular history of the title. Whether the bond was in due form, or was approved by the comptroller of the treasury, or whether this security was given at all, are questions between the officer and the government, in which individuals can have no interest whatever. If these preliminaries be observed, it is well ;—if not, the government have the power to remove him. But while he is continued in office, it is to be presumed that the public are properly secured against his neglect of duty. It is enough for individuals to ascertain that he is duly appointed to the office.

But if it was necessary that it should appear that a bond was given, the oath of the collector, for the purposes of *this trial,* was sufficient.

The oath to *Quinby* was properly proved by himself. The regular evidence was a certificate lodged with the collector ;— but this being not to be found after diligent search, the secondary proof was the best the nature of the case would admit.

*Fessenden,* for the plaintiff.

The statute of the *United States* is to be construed in the same manner as those of our own State relating to similar subjects; and by these in all recent cases, the Courts require of the collector evidence of a strict compliance with the provisions of law. *Porter v. Whitney,* 1 *Greenl.* 306.

He has no authority to receive taxes till he is qualified by giving bond; and this is to be proved, like all other facts, by the best evidence, namely, an office-copy. The bond, if given, was filed in the proper office of the treasury, and without the production of a copy, it could not certainly be known that it was made conformable to law.

The certificate of the assistant assessor's oath should have been deposited with the collector. The provision of the statute in this respect is similar to that of our State law, requiring a copy of the assessment of taxes to be deposited in the clerk's office; both are designed for the information and

protection of the people, and both are necessary to the validity of the tax. But the evidence here is, not that this certificate was now lost, but that it had never been filed; and of course the officer was not qualified to act, and the assessment made by him was merely void.

By the Court. We think that under the circumstances of this case *Quinby* was properly admitted a witness to prove that he had been sworn as assistant assessor; it appearing that no certificate of the oath was on file in the office of the collector, and there being no proof that it had ever been returned to that office.—It is true that the third section of the act of Congress requires that such a certificate shall be so returned and filed; but this is directory;—and we do not think that when this requirement is omitted, a purchaser ought to suffer for it. There being then no record of the oath, parol proof is the next best evidence. A certificate of marriage under the hand of the officiating magistrate is no better proof of such marriage than the testimony of a witness who was present.

We think, however, that the decision of the Judge in rejecting the assessment, because there was no proof that the collector had given bond as required by the act before receiving such assessment, was incorrect. The bond is intended for the security of the *United States;* but as it regards the *purchaser* under a sale by the collector, and the original owner of the land sold, it is a subject of no importance.

*The verdict therefore must be set aside, and a new trial granted.*